ALAN J. TUCKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tucker v. Commissioner
Docket No. 553-89
United States Tax Court
T.C. Memo 1989-408; 1989 Tax Ct. Memo LEXIS 406; 57 T.C.M. (CCH) 1214; T.C.M. (RIA) 89408; August 8, 1989
*406 R mailed separate notices of deficiency for the taxable years 1982, 1983 and 1984 to the address reported by P on his 1981 return, which was his most recently filed return. That was the same address as reflected on R's Enmod computer system on the dates of mailing. P never gave R clear and concise notification of a different address. The U.S. Postal Service returned the notice for 1982 to R 18 days after it was mailed with the following notation on the envelope: "Attempted Not Known." Upon receipt of the undelivered notice R diligently, albeit unsuccessfully, sought to obtain a more current address for P to which the 1982 notice could be remailed. After the 90-day period had expired for filing a timely petition for 1982, P's current address was entered into R's Enmod computer system. R then remailed the 1983 notice, which had likewise been returned some 24 days after its mailing with the same notation on its envelope, to the current address. The petition was timely filed for the taxable years 1983 and 1984. Held, the notice for 1982 was mailed to P's "last known address." Secs. 6212(a) and (b)(1), I.R.C. 1954. Held further, the petition with respect to 1982 was not timely *407 filed. Secs. 6213(a) and 7502(a), I.R.C. 1954. Held further, R's Motion to Dismiss for Lack of Jurisdiction and to Strike As to the Taxable Year 1982 will be granted. James J. Everett, for the petitioner. Mark S. Pendery and Daniel A. Guy, Jr., for the respondent. CANTREL
MEMORANDUM FINDINGS OF FACT AND OPINION CANTREL, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rule 180 et seq. [1] Before the Court for disposition is respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike As to the Taxable Year 1982. FINDINGS OF FACT Petitioner filed a 1981 Federal income tax return with the Internal Revenue Service Center at Ogden, Utah (Service Center). On that *409 return he showed as his address: 3751 West Palmaire Avenue, Phoenix, Arizona 85021-8242 (the West Palmaire Avenue address). He has not filed a Federal income tax return with the Internal Revenue Service (IRS) for any year after 1981 and he has never contacted the IRS to advise it as to his current address. At paragraph 1 of his petition, filed on January 9, 1989, and dated on January 3, 1989, he asserts that he resides at P.O. Box 2643, Sedona, Arizona 86336-2643 (the Sedona address). In the petition he contests Federal income tax deficiencies and additions to the tax determined against him by respondent for the taxable calendar years 1982, 1983, and 1984. To ensure that the notices of deficiency upon which the petition is predicated would be sent to petitioner's "last known address" the Service Center, using petitioner's social security number, ran an Enmod computer search. The search disclosed petitioner's address on July 8, 1988, to be the West Palmaire Avenue address. Generally, the address on the Enmod computer is input from the taxpayer's most recently filed return. On July 8, 1988, October 7, 1988, and October 14, 1988, respectively, the Service Center sent a notice of *410 deficiency by certified mail to petitioner. Each notice was addressed to the West Palmaire Avenue address. The first notice (the July 8th notice) was for the taxable year 1982; the second notice (the October 7th notice) was for the taxable year 1983; and the third notice was for the taxable year 1984. In the July 8th notice respondent determined a deficiency in petitioner's Federal income tax for 1982 in the amount of $ 1,048 and additions to the tax in the aggregate approximate amount of $ 415. That notice was returned to the Service Center some 18 days after it had been mailed by the U.S. Postal Service with the following notation on the envelope: "Attempted Not Known." Upon receipt of the undelivered notice and within 90 days of July 8, 1988, personnel of the Service Center took many additional measures in an attempt to ascertain another address for petitioner to which the notice could be remailed. First, a search was made on the Enmod computer which continued to disclose the West Palmaire Avenue address. Second, a Transunion Credit Bureau computer check was run which proved unfruitful. Third, the Post Office of the addressee was contacted to determine whether petitioner *411 had recorded a forwarding address. None had been recorded. Fourth, the Enmod computer was searched one final time. Since it disclosed no new address for petitioner, the case was sent to the Closing Unit for closing. All of these measures were completed prior to October 6, 1988. The October 7th notice was likewise returned to the Service Center by the U.S. Postal Service on October 31, 1988, with the following notation on the envelope: "Attempted Not Known." The Sedona address was entered into the Enmod computer sometime between October 23, 1988, and October 29, 1988, and the Service Center remailed the notice to that address. The petition herein is timely filed for the taxable years 1983 and 1984. Petitioner's "last known address" known to the Service Center on July 8, 1988 was the West Palmaire Avenue address, to which, in light of all the facts and circumstances, respondent reasonably believed petitioner wished the notice of deficiency to be sent. The 90-day period for the filing of a timely petition with this Court expired on Thursday, October 6, 1988, which was not a legal holiday in the District of Columbia. The petition was filed on January 9, 1989, and it was received *412 in an envelope bearing thereon clearly legible U.S. postmark dates "Jan. 3, 1989." OPINION Respondent's position is that the July 8th notice was mailed to petitioner at his last address known to respondent on the date it was mailed pursuant to sections 6212(a) and (b)(1) and, as a consequence, the petition, insofar as it applies to the taxable year 1982, was not timely filed in accord with the mandates of sections 6213(a) and 7502(a). If this argument is successful, respondent further moves that the portions of paragraphs 2, 3, 4, and 5 of the petition in which reference is made to the taxable year 1982 be stricken. On the other hand, petitioner contends that respondent failed to send the notice to his last known address "upon a due-diligence search." On this record, we agree with respondent. To begin with, we agree with petitioner that the provisions of sections 6212(a), 6212(b)(1) and 6213(a) were designed to afford a taxpayer notice of the Commissioner's determination and an opportunity to litigate the validity of that determination in this Court without first paying the determined deficiency. See , and . *413 The United States Court of Appeals for the Ninth Circuit, where venue on appeal of this case lies, likewise agrees with petitioner. See . However, for the reasons set forth hereinafter, petitioner is not entitled to litigate his 1982 tax deficiencies in this Court. Section 6212(a) authorizes the Secretary of the Treasury to send a notice of deficiency by certified mail to a taxpayer when he determines that a deficiency exists in the taxpayer's taxes. Section 6212(b)(1) provides, with an exception not relevant herein, that the notice authorized by section 6212(a) shall be sufficient if mailed to the taxpayer at his "last known address." Respondent has the burden of proving that the notice of deficiency was properly mailed. . See , affd. per curiam . While respondent must exercise reasonable diligence in ascertaining a taxpayer's correct address, he is entitled to treat the address appearing on a taxpayer's most recently filed return as the *414 last known address in the absence of clear and concise notification from the taxpayer directing respondent to use a different address. , affg. on other grounds ; ; ; Monge v. Commissioner, 93 T.C.     (July 12, 1989), slip op. at 11; ; . Here, petitioner's most recently filed return was the 1981 return, on which he reported his address to be the West Palmaire Avenue address. The Enmod computer check, made by respondent prior to mailing, confirmed that address and that is the address to which the July 8th notice was mailed. Petitioner has admitted under oath that he "never contacted the Internal Revenue Service to advise them as to my current address." Without question the West Palmaire Avenue address was petitioner's last known address on July 8, 1988. In our view, petitioner's argument that respondent *415 was not reasonably diligent in seeking out his correct address, both before and after the issuance of the July 8th notice, lacks merit in light of the case law and our factual findings set out hereinbefore. The taxpayers in Monge argued that respondent failed to exercise reasonable care and due diligence after the notice was returned by the Postal Service. We responded: "this obligation arises only if respondent becomes aware of an address change prior to mailing the deficiency notice to the taxpayer's last known address." Monge v. Commissioner, supra, slip op. at 17. See (which resembles this case in a number of respects and in which an Enmod computer was utilized). Indeed, nothing in section 6212(b) even suggests that the IRS is obligated to take additional steps to effectuate delivery if the notice is returned. A notice mailed to the last known address is sufficient even if it is never received. . Here, in these circumstances, respondent had no further obligation once the July 8th notice was returned to him. Notwithstanding, the record reveals *416 the many additional steps he undertook between July 26 and October 6 in seeking a new address for petitioner to which he could remail the 1982 notice. The burden of proving that the 1982 notice was not sent to his last known address is on petitioner. , affd. without published opinion ; and . He has wholly failed in that burden. Section 6213(a), which permits the filing of petitions with this Court, provides in pertinent part: Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The burden of proving that this Court has jurisdiction is upon petitioner. ; . A petition for redetermination of a deficiency must be filed with this Court within 90 days after *417 the notice of deficiency is mailed to a taxpayer. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. , affg. a Memorandum Opinion of this Court; ; ; ; ; ; . Hence, under this statute, in order to be timely filed, a petition must be received at the Tax Court in Washington, D.C., on or before the 90th day. Here, the 90th day after the mailing of the July 8th notice was Thursday, October 6, 1988, which was not a legal holiday in the District of Columbia. The petition was received and filed by the Court on January 9, 1989. Section 7502(c) provides, in part, that if a properly addressed, postage prepaid envelope or wrapper containing *418 the petition is deposited in the mail in the United States and bears a United States postmark date which is on or before the last day for filing, the postmark date will be deemed the filing date. It is clear that the United States postmark dates on the envelope in which the petition was received (i.e., January 3, 1989) are beyond the 90-day filing period permitted by section 6213(a). In such circumstance, "there is a conclusive statutory presumption that such date is the date of delivery." . On this record, we must and do grant respondent's motion. An appropriate order will be issued. Footnotes
1. Section references are to sections of the Internal Revenue Code in effect for the year at issue and Rule references are to the Tax Court Rules of Practice and Procedure.↩